## McLAUGHLIN *v.* BARNARD.

Where A., a real estate broker—having learned from the owner of a house and lot the price and terms of sale, and having received a promise of one per cent. commission for selling—apprised B. (who pursued the same business) thereof, and promised to allow him one half of such commission if he (B.) effected the sale; and B., having applications for investments, agreed, that in case a sale should be effected by him, he would divide the brokerage with A.; it was *held*, that the agreement was supported by a sufficient consideration, and that B., having himself applied to the owner, consummated a sale and received a commission, was liable to A. for one half thereof.

The decision of a justice upon the question of the relative credibility of two opposing witnesses will not be interfered with upon appeal.

THE plaintiff sued as the assignee of a claim of Beebe and Hallet, for one half of a brokerage commission received by the defendant Barnard, on the sale of a house and lot. The defendant and the plaintiff's assignors were real estate brokers, and the claim was founded upon an agreement which, with the material circumstances of the case, is stated in the opinion. Judgment was given in one of the district courts against the defendant, who appealed to this court.

BY THE COURT. DALY, J.—As between Beebe and the de-

McLaughlin *v.* Barnard.

fendant, the justice appears to have discredited the denial of the latter that he made an agreement to share half the commission with Beebe and Hallet; and where there is conflicting testimony, or rather, where, as in this case, the question is one of credibility, we never interfere with the conclusion arrived at by the justice. As the case therefore stands before us, on this finding of the justice, it appears that Beebe called upon Barnard and apprised him that he had the house in question for sale, and Barnard, having applications before him for investments, agreed if a sale of the house was effected, that Beebe and Hallet should have one half of the commission or brokerage. This was a perfectly valid agreement. Apprising Barnard that the house was for sale, by means of which information Barnard was enabled to go to the owner, to whom, it appears, he was personally unknown, and effect a sale, was a sufficient consideration to support his promise to give Beebe and Hallet one half the commission ; and it was entirely immaterial whether Ruckman, the owner, had authorized Beebe and Hallet to sell the house or not. According to his testimony, he did not place the sale in the hands of either of the brokers, but simply signified his willingness to sell the house for $20,000, and give Barnard one per cent., if he brought him a purchaser. The sale was brought about by means of the information communicated by Beebe; and if Barnard made the agreement, which the justice concluded that he did, it does not lie with him to refuse to carry it out because Ruckman did not authorize any person to sell the house for him. According to his own statement, Beebe, after telling him that he had the house for sale, told him that he would allow him half the commission if he would sell the house. He does not say that he refused to do so, or that he expressed any dissent to the proposition ; on the contrary, it may fairly be inferred from his silence that he assented to it. Possessed of the requisite information that this house was to be disposed of—information material and valuable to a broker engaged in such a business, and especially so in the present case, as Barnard knew of a pur-

chaser—he seeks to turn this information exclusively to his own benefit, by calling upon the owner of the house, and by effecting a sale without the instrumentality of Beebe and Hallet, to secure the whole of the commission to himself. I think the conclusion of the justice was right, that the agreement was founded upon a sufficient consideration, and that the judgment should be sustained.

Judgment affirmed.